**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VERNON LEANDIS CHARLES,** | ) | |
| **ID #1196297,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-3754-B (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied as barred by the statute of limitations.

## I. BACKGROUND

Vernon Leandis Charles (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges his September 26, 2003 conviction for murder in cause number F-0272310 in the 363rd Judicial District Court of Dallas County, Texas, and his sentence of life imprisonment. (Petition (Pet.) at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). After he appealed, the Fifth District Court of Appeals affirmed his conviction in an unpublished opinion on July 20, 2004. *Charles v. State*, No. 05-03-01490-CR, 2004 WL 1615839 (Tex. App. – Dallas, July 20, 2004, pet. ref'd). Petitioner next filed a petition for discretionary review that was refused by the Court of Criminal Appeals on January 19, 2005.

(Pet. at 3); s*ee Charles v. State,* No. PD-1177-04 (Tex. Crim. App. January 19, 2005), *available at*http://www.cca.courts.state.tx.us/cca.asp.  He did not file a petition for writ of certiorari with the Supreme Court.

On March 27,  2013, Petitioner filed his only state application for writ of habeas corpus with the trial court (Cause No. W-0272310-A). (Pet. at 4); *see* www.dallascounty.org/public.access.php (Dallas County criminal records). On July 16, 2014, the Court of Criminal Appeals denied the application without a written order based on the findings of the trial court without an evidentiary hearing. *See Ex parte Charles*, WR-81,322-01  (Tex. Crim. App. July 16, 2014).  Petitioner mailed his federal petition on August 8, 2014. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review;

(D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his petition for discretionary review was denied by the Court of Criminal Appeals.  His state conviction became final for purposes of § 2244(d)(1)(A) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.1. Here, the petition for discretionary review was refused on January 19, 2005, so Petitioner's state conviction became final ninety days later, on April 19, 2005.

Petitioner has alleged three grounds for relief: (1) that counsel was ineffective by failing to inform him that the state had offered a 50-year plea bargain; (2) that counsel was ineffective for failing to request jury instruction son sudden-passion, self defense, diminished capacity, duress, or deadly force in defense of a third person; and (3) his due process and equal protection rights were violated when the prosecutor used his strikes to exclude blacks from the jury panel.  (Pet. at 6-7, attachment pages; Memorandum at 5-9.)  The one-year statute of limitations is therefore calculated from the latest of (A) the date Petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), Petitioner's claims are all based on events that allegedly took place before or immediately after his  judgment of conviction.  (Pet. at 6-7, attachments pages;

Memorandum at 5-9).  Accordingly, the facts supporting his claims became known or could have become known before the date his state judgment of conviction became final.  Because Petitioner filed his petition more than one year after his conviction became final on April 19, 2005, a literal application of §§ 2244(d)(1)(A) or (D) renders his October 17, 2014 filing untimely.[1]

Petitioner argues that the one-year period for his ineffective assistance claim based on the failure to convey a plea bargain offer should be calculated under § 2244(d)(1)(C).  (Memorandum at 7.)  He cites *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), as cases in which the Supreme Court newly recognized a constitutional right made applicable on collateral review.  The applicability of § 2244(d)(1)(C) turns on three elements:  (i) whether *Lafler* or *Frye* create a "newly recognized" constitutional right; (ii) whether the Supreme Court made that right retroactive on collateral review; and (iii) whether either case triggers the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(C); *United States v. Lopez*, 248 F.3d 427, 430 (5th Cir. 2001) (analyzing § 2255(f)(3), the equivalent provision to § 2244(d)(1)(C)).  Courts have determined that neither *Lafler* nor *Frye* "newly recognized" a constitutional right.  *See Anthony v. Stephens,* No. 2:13-CV-045, 2013 WL 3486916, at * 3 (N.D. Tex. July 11, 2013) ( noting that the *Lafler* and *Frye* cases, taken together, "applied an already established rule, i.e. *Strickland v. Washington*, to a specific factual situation, i.e. the plea negotiation stage of a criminal proceeding [and thus] [n]either case newly recognized a constitutional right") (citing *Chaidez v. United States*, 133 S.Ct. 1103, 1107 (2013)); *see also In Re Richard M. King, Jr.*, 697 F.3d 1189 (5th Cir. 2012) (stating in the context of a successive § 2254 application its agreement "with the Eleventh Circuit's

---

[1]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

determination in *In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012), that [*Lafler*] and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."). Because neither *Lafler* nor *Frye* announced a newly recognized constitutional right, the first prong has not been met, and § 2244(d)(1)(C) does not provide a later date for calculating the limitations period.

**B.  Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his first state writ until March 2013, several years after his state conviction became final on April 19, 2005. While the one-year limitations period is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period in this case expired before Petitioner filed his state writ. The statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his

rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Recently, in *McQuiggen v. Perkins*, 133 S.Ct. 1924 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the AEDPA, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim. It held that in order to be entitled to this exception to the statute of limitations, however, a federal habeas petitioner must present a convincing claim of actual innocence. *Id*. at 1934-35.

Here, although Petitioner claims that he is entitled to equitable tolling, he does not allege or present evidence that he was prevented from filing his state writ or his federal petition earlier. Nor does he assert that he is actually innocent of murder. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## III.  RECOMMENDATION

The petition for habeas corpus relief should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 17th day of November, 2014.**

_(signature)_

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_(signature)_

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7